UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIVIDADE EDBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00873-RLH-LRL |
| v. ) | |
| ) | **O R D E R** |
| DESERT PALACE INC. d/b/a/ CAESAR'S ) | |
| PALACE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court are plaintiff's Motion for An Order Compelling Disclosure (#27) and For Sanctions for Defendant's Failure to File Adequate Initial Disclosures as Required Under F.R.C.P. 26(a) (#28). The motions (#27, 28) were filed as one brief. The court has considered the motions, plaintiff's Additional Exhibit (#29), defendant's Opposition (#30), and plaintiff's Reply (#31).

Pro se plaintiff, Natividade Edberg, filed this employment discrimination action on June 7, 2010. On July 27, 2010, defendant served its initial disclosures. Edberg served her initial disclosures on August 3, 2010. On August 5, 2010, plaintiff served written discovery, including requests for production of documents. Defendant timely responded to the written discovery on September 7, 2010. In response to several Requests, defendant referred Edberg to defendant's initial disclosure. On September 14, 2010, Edberg sent a letter to defense counsel regarding defendant's discovery responses. Edberg stated that "after reviewing your answers and your Initial Disclosures, I find out your Initial Disclosures are missing documents. You indicated exhibit # 1, exhibit #7 and exhibit #9 but you did not include the documents ("EXHIBIT"). Please supply the documents ("EXHIBIT"). Edberg further requested supplementation to Request Nos. 4, 11, 13, 15, 16, 17, 18, 19, and 25. Mot. (#27) at Exh. E.

Defendant responded by letter dated September 17, 2010. Defense counsel explained that documents responsive to the requests had already been provided to plaintiff with defendant's initial disclosures; instead of producing the documents a second time, defendant referred to the bates numbers. Mot. (#27) at Exh. F. Regarding the "EXHIBIT," defense counsel explained that he did not understand what Edberg was talking about and asked for clarification. *Id.* On October 13, 2010, Edberg wrote back. *Id.* at Exh. G. Based on her letter, defendant understood Edberg to be referring to exhibits which had been attached to defendant's position statement previously submitted to the EEOC. Opp'n (#30) at 2-3. On October 22, 2010, defense counsel responded to Edberg by letter and explained that defendant had produced the EEOC file exactly how it was produced by the EEOC pursuant to defendant's subpoena. The file as received was missing pages from the position statement. However, defendant had provided the missing pages, bates numbers D-00302 to D-00381, with its initial disclosures. No further written communication between the parties occurred before plaintiff filed the instant motions on November 2, 2010. Edberg seeks an order compelling defendant to provide all complete initial disclosures and for sanctions for defendant's alleged failure to provide adequate disclosures.

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), parties must disclose a copy or a description by category and location of, all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that the disclosing party may use to support its claims or defenses, unless the disclosing party will use the items solely for impeachment purposes. A party may seek an order compelling disclosures if the other party "fails to make a disclosure required by Rule 26(a)." Rule 37(a)(3)(A).

Here, defendant represents that it has disclosed all of the responsive information it has. To the

extent that its initial disclosure did not include certain pages, defendant has now provided those pages. Notably, the Federal Rules recognize that parties often must supplement or correct discovery, including disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed.R.Civ.P. 26(e)(1)(A). There is no evidence that defendant has failed to provide or to supplement its initial disclosure in a timely manner. Hence, an order for sanctions based on a failure to disclose is not appropriate. Nor is there any further information to compel defendant to disclose.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion for An Order Compelling Disclosure (#27) is denied.

IT IS FURTHER ORDERED that plaintiff's Motion For Sanctions for Defendant's Failure to File Adequate Initial Disclosures as Required Under F.R.C.P. 26(a) (#28) is denied.

DATED this 9th day of December, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**