1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| Natividade Edberg, | ) | Case No.: 2:10-cv-00873-RLH-LRL |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion for Summary Judgment–#33) |
| Desert Palace, Inc. d/b/a Caesars Palace, DOES 1-10, | ) | |
| Defendants. | ) | |

Before the Court is Defendant Desert Palace Inc. d/b/a Caesars Palace's ("Caesars Palace") **Motion for Summary Judgment** (#33, filed Dec. 20, 2010). The Court has also considered Plaintiff Natividade Edberg's Opposition (#35, filed Jan. 11, 2011), and Caesars Palace's Reply (#39, filed January 28, 2011).

## BACKGROUND

In November 2005, Caesars Palace hired Edberg as a poker dealer, a position she held until her employment was terminated in December 2007. During her employment with Caesars Palace, Edberg was suspended on two occasions; once in October 2007 for three days because money was allegedly missing from her poker-dealer tray bank, and again on November

AO 72
(Rev. 8/82)

28, 2007, for allegedly refusing to do work assigned by a supervisor.  Edberg claims that Dean

Allen, Vice-President of Human Resources at Caesars Palace, promised to compensate her for the

three days she was suspended in October 2007.  In November 2007, following her second

suspension, Edberg went to the doctor for alleged chest pain, difficulty breathing, and pain in her

ribs.  Edberg subsequently requested medical leave under the Family Medical Leave Act

("FMLA").  However, on December 15, 2007, Caesars Palace terminated Edberg's employment.

More than three years later—on February 11, 2010—Edberg filed this lawsuit

against Caesars Palace in the Eighth Judicial District Court of Nevada.  Edberg's first amended

complaint asserts three causes of action: (1) negligent infliction of emotional distress, (2)

negligence, liability, punitive damages (*i.e.*, negligent discharge and negligent failure to pay), and

(3) punitive damages, monies due and owing.  Defendants subsequently removed the case to this

Court.  Caesars Palace has now filed a motion for summary judgment as to all of Edberg's claims.

For the reasons discussed below, the Court grants Caesars Palace's motion.

## DISCUSSION

## I.   Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no

dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

1468, 1471 (9th Cir. 1994).  Summary judgment is proper when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" only if there is a sufficient evidentiary basis

on which a reasonable fact finder could find for the nonmovant, and a dispute is "material" only if

it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248–49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587

(1986).  The movant has the burden of showing the absence of a genuine dispute, and the court

must view all facts and draw all inferences in the light most favorable to the nonmovant.  *Zoslaw*

*v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).

AO 72
(Rev. 8/82)

1       Once the movant satisfies the requirements of Rule 56, the burden shifts to the

2   nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

3   477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party "may

4   not rely on denials in the pleadings but must produce specific evidence, through affidavits or

5   admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosp., Inc.*, 929 F.2d

6   1404 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt

7   as to the material facts." *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of

8   evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

9   The Court also notes the well-established rule that pro se complaints are subject to less stringent

10   standards than formal pleadings drafted by lawyers and should be liberally construed. *Erickson v.

11   Pardus*, 551 U.S. 89, 94 (2007).

12   **II.      Negligent Infliction of Emotional Distress**

13       To state a valid claim for negligent infliction of emotional distress ("NIED") in

14   Nevada, the bystander-plaintiff must prove that he or she: (1) was located near the scene of an

15   accident; (2) was emotionally injured by the contemporaneous sensory observance of the accident;

16   and (3) was closely related to the victim of the accident. *Grotts v. Zahner*, 989 P.2d 415, 416

17   (Nev. 1999). Edberg claims that she has suffered severe emotional distress as a result of

18   Defendants' conduct in suspending and ultimately terminating her employment. Edberg therefore

19   claims that she was the *direct* victim of negligent conduct that allegedly caused her severe

20   emotional distress. However, this Court has repeatedly held that direct victims may not bring

21   NIED claims. *See, e.g.*, *Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 934–35

22   (D. Nev. 2010). Therefore, because Edberg asserts this NIED claim as a direct victim, the claim

23   fails as a matter of law.

24       Additionally, in Nevada, negligence claims are governed by the two-year limitation

25   period in NRS § 11.190(4)(e). Because Edberg's employment was terminated in December 2007,

26   the latest she could have timely asserted her NIED claim was December 2009. However, Edberg

AO 72
(Rev. 8/82)

1    did not commence this lawsuit until February 11, 2010.  Therefore, Edberg's NIED claim is also

2    time-barred under NRS § 11.190(4)(e).  Accordingly, the Court grants Caesars Palace's motion

3    with respect to Edberg's first cause of action.

4    **III.    Other Negligence Claims**

5           Although the second and third causes of action in her complaint are ambiguous,

6    Edberg apparently asserts a claim for negligent discharge and for negligent failure to pay her

7    during her October 2007 suspension.  However, in Nevada, negligence claims are governed by the

8    two-year limitation period in NRS § 11.190(4)(e).  Because Edberg's employment was terminated

9    in December 2007, her negligent discharge claim was time-barred after December 2009.

10   Similarly, Edberg's failure-to-pay claim expired in October 2009.  Therefore, because Edberg did

11   not commence this lawsuit until February 11, 2010, more than two years after the alleged events

12   occurred, these claims are time-barred.  Accordingly, the Court grants Caesars Palace's motion

13   with respect Edberg's second and third causes of action.

14   **IV.    Family and Medical Leave Act**

15          Both parties dedicate significant portions of their arguments towards addressing the

16   FMLA.  However, Edberg specifically enumerates three causes of action in her complaint (one for

17   NIED, one for negligence, and one for damages), none of which are FMLA claims.  The mere fact

18   that Edberg testified in her deposition that she is asserting an FMLA claim does not mean that she

19   has actually asserted such a claim in her complaint.  Therefore, the Court lacks jurisdiction to rule

20   on a claim which Edberg did not assert in her complaint.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Caesars Palace's Motion for Summary Judgment (#33) is GRANTED.  The Clerk of Court is instructed to close the case.

Dated: March 29, 2011.

ROGER L. HUNT
**Chief United States District Judge**

AO 72
(Rev. 8/82)